IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MICHAEL JAMES EVANS,                      10-CV-621-BR

       Plaintiff,

                               OPINION AND ORDER

v.

MULTNOMAH COUNTY SHERIFF
BERNIE GUISTO, DEPUTY SCOTT
ALJETS, DEPUTY DAWN HATHAWAY,
DEPUTY ROBERT GRIFFITH, CITY
OF PORTLAND, OFFICER RYAN
ALBERTSON, SGT. TASHIA HAGER,
and NURSE CRAIG WALTERS,

       Defendants.


MICHAEL JAMES EVANS
# 11668134
SRCI
777 Stanton Blvd.
Ontario, OR 97914

       Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**HENRY H. LAZENBY, JR.**
Multnomah County Attorney
**CARLOS J. CALANDRIELLO**
Assistant Multnomah County Attorney
501 S.E. Hawthorne, Suite 500
Portland, OR  97214
(503) 988-3138

>      Attorneys for Defendants Multnomah County, Sheriff
>      Bernie Guisto, Deputy Scott Aljets, Deputy Dawn
>      Hathaway, Deputy Robert Griffith, and Nurse Craig
>      Walters

**LINDA MENG**
Portland City Attorney
**DAVID A. LANDRUM**
Deputy Portland City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, OR  97204
(503) 823-4047

>      Attorneys for Defendants City of Portland, Officer Ryan
>      Albertson, and Sergeant Tashia Hager

**BROWN, Judge.**

   This matter comes before the Court on the Motion (#20) to Dismiss of Defendants Scott Aljets, Robert Griffith, Bernie Guisto, Dawn Hathaway, and Craig Walters (County Defendants); the Motion (#24) for Summary Judgment of Defendants City of Portland, Ryan Albertson, and Tashia Hager (City Defendants); and County Defendants' Motion (#30) for Summary Judgment.  For the reasons that follow, the Court **GRANTS** Defendants' Motions.

## BACKGROUND

   On September 11, 2006, Plaintiff was booked into Multnomah

County Detention Center (MCDC).[1]  Deputy Richard Hathaway and Deputy Robert Griffith conducted the booking process when Plaintiff arrived at MCDC.  During the booking process, Plaintiff had an altercation with Deputies Griffith and Hathaway, who subsequently grabbed Plaintiff, pulled him to the ground, and hit him several times.  Portland Police Officer Tashia Hager also became involved in the contact with Plaintiff and tried to secure Plaintiff's legs, but she was unsuccessful.

Ultimately Multnomah County Sheriff Sergeant Catherine Gorton, who was stationed at her desk away from the booking area, noticed a commotion on the television monitors at her desk.  Sgt. Gorton went to the booking area and saw Deputies Hathaway and Griffith and a Portland police officer "wrestling with a guy on the floor and telling him to give them their [sic] hands."  Sgt. Gorton directed Deputy Dawn Hathaway to retrieve a taser from the charging cradle because Sgt. Gorton believed Plaintiff was noncompliant.  The taser did not have the cartridge on it, and, therefore, it could not be used to shoot taser probes.  Nevertheless, Sgt. Gorton took the taser over to Plaintiff, bent at the waist, and informed Plaintiff that she was going to use the taser if Plaintiff did not stop resisting.  According to Defendants, Plaintiff continued to scream, curse, and yell.

---

[1] The facts of this encounter are more fully set out in the Court's April 15, 2009, Opinion and Order in *Evans I*, 07-CV-1532-BR.

3 - OPINION AND ORDER

Sgt. Gorton then bent down next to Plaintiff and activated the red pointer light on the taser. With her finger on the guard, Sgt. Gorton pointed the taser light at Plaintiff and briefly shined the light in his eyes so he would believe the taser was activated. At that point, Defendants allege Plaintiff stopped resisting, and he was escorted to a separation cell.

On September 12, 2007, Plaintiff filed a Complaint in Multnomah County Circuit Court against Multnomah County, Sheriff Bernie Guisto, Deputy Richard Hathaway, Deputy Griffith, Officer Ryan Albertson, Sgt. Gorton, and John Does 1-3 in which Plaintiff alleged claims for (1) excessive force in violation of his rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, (2) assault and battery under state law, (3) malicious prosecution under § 1983, (4) state-law malicious prosecution, and (5) failure to train and to supervise law-enforcement personnel.

On October 12, 2007, Defendants removed the matter to this Court (*Evans I*, 07-CV-1532-BR).

On April 15, 2009, the Court issued an Opinion and Order in *Evans I* in which the Court (1) granted Defendants' Motion for Partial Summary Judgment as to Plaintiff's claims against Sgt. Gorton for excessive force and battery and as to Plaintiff's claim against Multnomah County for malicious prosecution under state law; (2) denied Defendants' Motion for Partial Summary

4 - OPINION AND ORDER

Judgment as to Plaintiff's claim against Sgt. Gorton for assault and as to Plaintiff's claim against Deputy Richard Hathaway for malicious prosecution under § 1983; and (3) denied Plaintiff's Cross-Motion for Partial Summary Judgment in its entirety.

On December 9, 2009, the Court held a jury trial in *Evans I* as to Plaintiff's remaining claims. On December 15, 2009, the jury returned a Verdict in which they found Plaintiff proved by a preponderance of the evidence that (1) Deputy Richard Hathaway used excessive force against Plaintiff in violation of his rights under the Fourth Amendment and (2) either Deputy Richard Hathaway or Deputy Griffith committed an unjustified battery against Plaintiff in violation of Oregon law. The jury found in favor of Defendants as to Plaintiff's other claims.

On February 4, 2010, the Court entered a Judgment in *Evans I* as follows:

1. Defendants Deputy Richard Hathaway and Multnomah County are liable to Plaintiff in the sum of $250.00 for the use of excessive force against Plaintiff in violation of the Fourth Amendment to the United States Constitution.

2. Defendant Multnomah County is liable to Plaintiff in the sum of $250.00 for a battery committed upon Plaintiff by the conduct of Richard Hathaway.

3. Defendants Deputy Robert Griffith, Sgt. Catherine

        Gorton, and Officer Ryan Albertson are not liable to Plaintiff. The claims against these Defendants are dismissed with prejudice.

4. Defendant Hathaway is not liable to Plaintiff for the claim of malicious prosecution, and the claim is dismissed with prejudice.

5. Defendants Multnomah County and the City of Portland are not liable for the remaining common-law claims of assault and battery arising from the conduct of Defendants Gorton, Griffith, and Albertson. The claims are dismissed with prejudice.

On June 1, 2010, Plaintiff filed an action in this Court (*Evans II*) against Multnomah County, Sheriff Bernie Guisto, Deputy Scott Aljets, Deputy Dawn Hathaway, Deputy Robert Griffith, the City of Portland, Officer Ryan Albertson, Sgt. Tashia Hager, and Nurse Craig Walters in which he alleges Defendants failed "to intercede during an act of excessive force [the September 11, 2006, booking incident] by a fellow Officer in violation of plaintiff's fourth and fourteenth [*sic*] Amendment rights under the United States Constitution and ORS 430.399 under state law for failure to protect."

On November 19, 2010, County Defendants filed a Motion to Dismiss Plaintiff's claims. Also on November 19, 2010, City Defendants filed a Motion for Summary Judgment as to all of

6 - OPINION AND ORDER

Plaintiff's claims.  On December 2, 2010, County Defendants filed a Motion for Summary Judgment joining City Defendants' Motion for Summary Judgment.

## **STANDARDS**

I.  **Motion to Dismiss**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556 . . . .  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations

7 - OPINION AND ORDER

omitted). The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion. *Intri-Plex*, 499 F.3d at 1052.

**II.  Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)). When the nonmoving party's claims are factually

implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

City and County Defendants move for summary judgment as to all of Plaintiff's claims on the grounds that (1) they are barred by claim preclusion and (2) they are outside the limitations period.

## I.  Claim preclusion

### A.  Standards

Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979). *See also Trujillo v. City of Ontario*

9 - OPINION AND ORDER

269 F. App'x 683, 684 (9th Cir. 2008)(same).

"Claim preclusion . . . applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002)(citing *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971)).

"'Privity' is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *F.T.C. . Garvey,* 383 F.3d 891*,* 897 (9th Cir. 2004)(quoting *Schimmels v. United States,* 127 F.3d 875, 881 (9th Cir. 1997)). Courts have found privity when there is a

> substantial identity between party and nonparty, . . . the nonparty had a significant interest and participated in the prior action, . . . the interests of the nonparty and party are so closely aligned as to be virtually representative, and when there is there is an express or implied legal relationship by which parties to the first suit are accountable to nonparties [in] a subsequent suit with identical issues.

*Schimmels,* 127 F.3d at 881 (internal quotations and citations omitted). "Privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *F.T.C.,* 383 F.3d at 897 (quotation omitted). *See*

10 - OPINION AND ORDER

*also Va. Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998)("It is the identity of interest that controls in determining privity, not the nominal identity of the parties.") (quotation and citation omitted).

"Claim preclusion bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cumbre, Inc. v. State Compensation Ins. Fund*, No. 09-17190, 2010 WL 4643044, at *1 (9th Cir. Nov. 17, 2010)(citing *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009)).  "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'"  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)).

**B.   Analysis**

Defendants assert in their Motions that Plaintiff's claims in this action are barred by claim preclusion because Defendants are in privity with the defendants in *Evans I* and Plaintiff could have raised the same claims in *Evans I*.

Plaintiff concedes Defendants in this case are in privity with the defendants in *Evans I*.  Plaintiff, however, contends he could not have brought his current claims in *Evans I*

11 - OPINION AND ORDER

because he was not aware of the alleged failure by these Defendants to protect him until Deputy Aljets testified at trial in *Evans I* on December 9, 2009, that

> he witnessed Deputy Richard Hathaway strike plaintiff repeatedly in the face which was not evident on the video due to the other named officers blocking the camera view and it was only as a result of Scott Aljets' [*sic*] testimony that this evidence came to light during the course of the trial.

Compl. at 4B.

As Defendants note, however, Plaintiff's counsel in *Evans I* deposed Deputies Hathaway and Griffith and both testified Deputy Aljets was present and "could have been doing something" during the incident that gave rise to *Evans I* and to this action. The Court concludes the testimony of Deputies Hathaway and Griffith at deposition was sufficient to put Plaintiff's counsel on notice regarding Deputy Aljets's presence at the events at issue, to allow Plaintiff's counsel to depose Deputy Aljets before trial, and to have given Plaintiff the opportunity to bring any claims based on Deputy Aljets's conduct or failure to act in *Evans I*.  In addition, Plaintiff did not object at trial that Aljets's testimony constituted "evidence . . . not within the issues raised in the pleadings" and did not seek on that basis to amend his Complaint in *Evans I* pursuant to Federal Rule of Civil Procedure 15(b)(1) to present the claims that Plaintiff now brings in *Evans II*.  Moreover, the record does not reflect

12 - OPINION AND ORDER

nor does Plaintiff suggest he was prevented from examining Officer Hager or any of the other witnesses in *Evans I* regarding Deputy Aljets's testimony.

On this record the Court concludes Plaintiff seeks to bring claims in this matter that he could have brought in *Evans I,* and, therefore, Plaintiff's claims are barred by claim preclusion.[2]

## CONCLUSION

For these reasons, the Court **GRANTS** County Defendants' Motion (#20) to Dismiss, City Defendants' Motion (#24) for Summary Judgment, and County Defendants' Motion (#30) for Summary Judgment.

The Court **DIRECTS** counsel for all Defendants to confer and to submit no later than **April 12, 2011,** a form of judgment. Plaintiff may file no later than **April 22, 2011,** an objection to

---

[2] Because the Court concludes Plaintiff's claims are barred by claim preclusion, the Court does not address Defendants' statute-of-limitations argument.

13 - OPINION AND ORDER

the form of Judgment Defendants submit.

    IT IS SO ORDERED.

    DATED this 7th day of April, 2011.

                                         /s/ Anna J. Brown

                                         _____

                                         ANNA J. BROWN
                                         United States District Judge